## WILD *et al. v.* VAN VALKENBURGH *et al.*

In this State the English rule is adopted, that where a place of payment is named in a bill of exchange or promissory note, it is a substantial contract, and it is necessary to allege and prove a demand at the place specified.

APPEAL from the District Court of the Twelfth Judicial District.

This was an action against the defendants as co-partners, on a promissory note, that read as follows :

"$1,341 85.                           NEW YORK, May 3, 1856.

"Four months after date, we promise to pay, to the order of ourselves, thirteen hundred and forty-one 85-100 dollars, value received, at No. 182 Pearl Street.

"A. VAN VALKENBURGH & Co."

Endorsed "A. Van Valkenburgh & Co."

The complaint did not set out any demand of payment. The defendant, Cooper, demurred, which being overruled, and final judgment rendered against him for the amount of the note and interest, he appealed.

*Crockett & Page* for Appellants.

The defendant demurred, on the ground that there was no demand at the place of payment stated in the complaint, and the Judge below overruled the demurrer, following the current of American decisions, but remarked at the time, that the law stood otherwise in England, on principle, as it appeared to him.

It is needless to cite authorities; we simply refer to Kent and Story, who have collected all the cases, English and American, and take the English view of the subject. 3 Kent's Com., p. 119, § 44, and notes; Story on Promissory Notes, § 227, and notes.

The place of payment is part of the contract, and the plaintiff should do the act necessary, to show that there has been a breach, before he sues.

*Julius K. Rose* for Respondents.
No brief on file.

MURRAY, C. J., delivered the opinion of the Court—BURNETT, J., concurring.

This was an action on a promissory note. Demurrer to the declaration and judgment for the plaintiff. The note sued on was made payable at No. 128 Pearl street, New York, on the 7th of September, 1854, and suit commenced on it on the 17th of September, 1856, in San Francisco. No presentation and demand of payment was alleged in the declaration.

The question whether a promissory note, made payable at a particular place, should not be presented at such place for payment before the payee can maintain an action thereon, is one upon which the Courts of the United States and those of England differ entirely; and, as it is presented to us for the first time, we feel at liberty to establish such a rule as in our opinion is in consonance with sound principle and the commercial convenience of this country.

In England, the doctrine is firmly established with regard to bills of exchange and promissory notes, that the place of payment is a substantial contract, and that it is necessary to allege and prove a demand at the place specified. Convenience may require that the payment should be made at a particular place, and a party who is not in default ought not to be called upon to pay at a different place from that specified in his contract. This question was very fully discussed before the House of Lords in the case of Rowe v. Young, (2 Broad. & Bing.,) and the opinion of Lord Eldon delivered in the case seems unanswerable.

In the United States, with the exception of Louisiana and Indiana, (which States adhere to the English rule,) a different doctrine prevails. "It was, probably, in the first instance adopted," says Mr. Justice Story, in his work on promissory notes, "from the supposed tendency of English authorities to the same result, and there certainly was much conflict in the authorities until the doctrine was put at rest by the final decision in the House of Lords, a decision which seems founded upon the most solid principles, and to be supported by the most enlarged public policy, as to the rights and duties of parties. The received doctrine in America seems to be this: that as to the

acceptor of a bill of exchange, and the maker of a promissory note, payable at a bank, or other specified place, the same rule applies, that is, that no presentment or demand of payment need be made at the specified place on the day when the bill or note becomes due, or afterwards, in order to maintain a suit against the acceptor or maker; and, of course, that there need be no averment in the declaration in any suit brought thereon, or any proof at the trial of any such presentment or demand; but that the omission or neglect is a matter of defense on the part of the acceptor or maker.  If the acceptor or maker had funds at the appointed place at the time to pay the bill or note, and it was not duly presented, he will, in the suit, be exonerated, not, indeed, from the payment of the principal sum, but from the payment of all damages and costs in that suit.  If, by such omission or neglect of presentment and demand, he has sustained any loss or injury, as if the bill or note was payable at a bank, and the acceptor or maker had funds there at the time, which have been lost by the failure of the bank, then, and in such case, the acceptor or maker will be exonerated from liability to the extent of the loss or liability so sustained.

" The ground upon which the American doctrine is placed is, that the acceptor or maker is the promissory debtor, and the debt is not as to him discharged by the omission or neglect to demand payment when the debt becomes due, at the place where it was payable."

"Assuming this to be true," says the same author, "it by no means follows that the acceptor or maker is in default, until a demand of payment has been made at the place of payment; for the terms of his contract import an express condition, that he will pay upon due presentment at that place, and not that he will pay upon demand elsewhere; and the omission or neglect of duty on the part of the holder to make presentment at that place, ought not to change the nature or character of the obligations of the acceptor or maker.  Now, the right to bring an action presupposes a default on the part of the acceptor or maker; and it may, after all, make a great difference to him, not only in point of convenience, but in point of loss by exchange, as well as of expense, whether, if he agrees to pay the money in Mobile, or in New Orleans, he may be required, without any default on his part, notwithstanding he has funds there, to pay the same money in New York and Boston.  He may well say: *Non in hæc fœdera veni.*"

The English and American authorities on this subject have been so ably reviewed by Judge Story and Chancellor Kent, both of whom agree that English rule is correct, nothing is left us to do except to adopt one or the other as a rule.  If the American decisions were supported by the same reasoning and high authority as the English, we might be inclined to follow

them; but this state is so far removed from the commercial world, and the rates of exchange so largely against our merchants and citizens, that it would be more proper to adopt a rule which, we think, is founded on some logic, and calculated to protect the interests of our people.

Judgment reversed.